IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN, III,

        Petitioner,

v.                                                                          No. CIV 13-629 MV/LFG

STEVE NANCE, Warden, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Introduction

1.      Petitioner Bernest Benjamin III ("Benjamin") is presently housed at the Metropolitan Detention Center in Albuquerque, New Mexico[2] [Doc. 12] and was in custody as of July 8, 2013, when he filed the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241/2254 ("Petition"). [Doc. 1, Doc. 8, ¶ 23.]

2.      This matter is before the Court on Respondents' Answer and request for dismissal [Doc. 8] and Benjamin's "Motion to Dismiss Petition and Hold in Abeyance" ("Motion to

---

[1] **Within fourteen (14) days after a party is served with a copy of the findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.** *See, e.g.*, **Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).**

[2] Respondents advised that Benjamin had not been re-sentenced following a September 11, 2013 probation-violation hearing but was scheduled to appear Wednesday, December 11, 2013, for another probation-violation hearing in state court. [Doc. 11 at 2.]

Dismiss"). [Doc. 10.] The Court reviewed Benjamin's Petition and exhibits [Doc. 1], Respondents' Answer and exhibits [Doc. 8], Benjamin's Motion to Dismiss [Doc. 10], and Respondents' Response to the Motion to Dismiss. [Doc. 11.]

3.     In the Answer, Respondents assert that the Court should dismiss Benjamin's Petition because it attacks the conditions of confinement and should be brought as a civil rights action rather than a habeas proceeding. [Doc. 8 at 1.] Alternatively, Respondents contend that even if this is a proper habeas proceeding, the Court should dismiss it as a "mixed petition," because Benjamin did not exhaust all of the claims in state court. [Id.]

4.     In his Motion to Dismiss, filed November 25, 2013, Benjamin agrees that the "procedural due-process and ineffective assistance of counsel" claims were not exhausted. [Doc. 10 at 1.] He asks that his Petition be dismissed without prejudice and held in abeyance while he attempts to exhaust state-court remedies with respect to all of his claims. In the Response, Respondents noted that courts typically do not favor a stay and abeyance approach, but they took no position with respect to Benjamin's Motion to Dismiss. [Doc. 11.]

## Summary of Conviction and Related State-Court Proceedings[3]

5.     On December 10, 2009, Benjamin was convicted, after pleading "no contest" to the following crimes: kidnapping, conspiracy to commit kidnapping, battery on a police officer, and driving under the influence. [Doc. 8, Ex. A.]

6.     On March 16, 2010, Benjamin was sentenced to a total term of incarceration of four years, to be followed by a five-year term of supervised probation. A two-year term of parole was imposed as to Count 1 of CR 2008-5305. [Id., Ex. A.]

---

[3]For a more detailed discussion of the procedural history, the Court refers to exhibits attached both to the Petition and Respondents' Answer. [Doc. Nos. 1, 8, exhibits.]

7. On March 22, 2010, a "Judgment, Partially Suspended Sentence and Commitment" was filed in Second Judicial District Court of Bernalillo County, New Mexico (Cause Nos. CR 2008-2766 and CR 2008-5305).

8. On August 17, 2010, the state court denied a motion to modify sentence. [Id., Exhs. I, J.]

9. Benjamin's probation began on November 23, 2011, when he was paroled to Casa de Amigos halfway house. [*See id.*, Ex. L, attached report at 1, 2.] On December 5, 2011, Benjamin was arrested for violating the terms of his probation by moving out of the halfway house and into the home shared with his wife, Veronica Benjamin, a felon. [*See id.*]

10. On December 14, 2011, the State moved to revoke Benjamin's probation and requested a hearing. [Doc. 8, Exhs. K, L.]

11. At a January 24, 2012 hearing, Benjamin, accompanied by counsel, admitted the violation. In exchange, he was sentenced to a two-year term of incarceration, to be served concurrently with the term of parole he was already serving at the time of the hearing, followed by a two-year term of supervised probation. [*See* Doc. 8, Ex. R, attached transcript, at 2-6.]

12. Benjamin was advised that his sentence would begin to run as of January 24, 2012. Thus, while not entitled to credit for time served, "[t]he time that [he had] already been in ha[d] accrued on probation[.]" [Doc. 8, Ex. R, attached transcript at 3.]

13. On January 30, 2012, an Order Revoking Probation was filed. [*See* Doc. 8, Exhs. B, M.]

14. On April 6, 2012, Benjamin, acting *pro se*, filed a Motion to Receive Full Probationary Credit, which the state court denied the same day. [Doc. 8, Exhs. N, O.]

15. On August 1, 2012, Benjamin filed a Notice of Appeal from the order denying his request for probationary credit. [Id., Exhs. S, T, U.]

16. On January 18, 2013, before resolution of his appeal, Benjamin filed a *pro se* state habeas petition, in which he raised three claims. He argued that his right to equal protection of laws under the Fourteenth Amendment was violated as a result of the refusal to parole him to his marital home due to Mrs. Benjamin's status as a felon. He claimed that his Fifth and Fourteenth Amendment rights were violated based on a liberty interest in his expectation of being paroled to the marital home. Benjamin further asserted that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because the refusal to parole him to the marital home was without penological justification. [Id., Ex. CC.]

17. On March 7, 2013, the state court summarily dismissed Benjamin's habeas petition. [Id., Ex. DD.]

18. On April 2, 2013, Benjamin filed a petition for writ of certiorari, in which he provided argument in support of his claims that he was denied rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments, among others. [Id. at EE.]

19. On April 22, 2013, the State filed a second motion to revoke probation, contending that Benjamin again violated terms of his probation by changing residences without obtaining permission. [*See id.*, Ex. II, attached report at 2.]

20. After a hearing on May 22, 2013, the state court denied the second motion to revoke and continued Benjamin's original conditions of probation with alterations. [*See id.*, Ex. LL.]

21. On May 15, 2013, the New Mexico Supreme Court denied Benjamin's petition for writ of certiorari. [Doc. 8, Ex. FF.]

22.     On June 6, 2013, the New Mexico Court of Appeals entered a Memorandum Opinion affirming the state district court's denial of Benjamin's motion to receive full probation credit. [Id., Ex. AA.]

23.     On July 2, 2013, the State filed a third motion to revoke probation, again related to Benjamin's change of residence without prior approval. [*See id.*, Ex. NN, attached report at 2.]

24.     The probation-violation hearing was re-set several times, and took place on September 11, 2013. The state court judge found Benjamin violated his terms of probation and set a sentencing hearing on September 25, 2013. [*See id.*, Ex. OO, Exhs. PP, QQ.]

25.     According to the Response to the Motion to Dismiss, Benjamin was set to appear on December 11, 2013 for another probation-violation hearing. It did not appear that Benjamin had been re-sentenced, as scheduled, after the September 11, 2013 hearing. [Doc. 11 at 2.]

## Summary of Claims in Federal Petition

26.     The Petition is not entirely clear but appears to assert violations of the Eighth and Fourteenth Amendments in relation to the refusal to parole Benjamin to his marital home. Respondents agree that these claims were exhausted although they argue, to some extent, that such claims should be brought via a civil rights complaint. [Doc. 8 at 6, 11.]

27.     Benjamin contends that he should not have been "violated" for having left the halfway house because he left due to the presence of drugs and alcohol there. He also insists that he left numerous voice messages for his Probation Parole Officer explaining this but that the officer did not listen to his messages. Respondents agree this claim also was exhausted but argue it is not a cognizable federal habeas claim because it implicates issues of state law only. [Id. at 6, 7 n.3.]

28.     Benjamin claims that the failure to prove he willfully left the halfway house was a due process violation. Respondents interpret the allegations of the due process violations in the state

5

habeas petition as a substantive due process claim. In contrast, Respondents characterize the claim presented in this Petition to implicate procedural due process, as Benjamin challenges the procedures by which his probation/parole was revoked. Benjamin's Motion to Dismiss does not address or dispute this characterization. [Doc. 10.] Respondents argue that this claim was not exhausted, and Benjamin agrees. [Id.]

29.     Benjamin also asserts ineffective assistance of counsel claims that he agrees were not exhausted in state court proceedings. [Doc. Nos. 1, 8, 10.]

## Legal Standard

30.     Section 2254(b)(1)(A) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action. Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006), *cert. denied*, 550 U.S. 912 (2007). Whether a habeas petition is brought under § 2254 or § 2241, the petitioner must demonstrate exhaustion. *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing the exhaustion requirements contained in § 2254 apply to petitions brought under § 2241). "The exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), *cert. denied*, 517 U.S. 1223 (1996). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies. *See* Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), *cert. denied,* 506 U.S. 924 (1992).

31.     Benjamin agrees with Respondents that he did not exhaust all of the claims presented in his federal Petition. [Doc. 10.] Thus, the Petition is mixed in that it contains both exhausted and unexhausted claims. In Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009), the Tenth Circuit held that when faced with a mixed petition, a district court may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

(internal citations omitted).

32.  The Court selects the first option and recommends that Benjamin's mixed petition be dismissed without prejudice to allow Benjamin to return to state court and raise his unexhausted claims. However, in an abundance of caution, the undersigned Magistrate Judge will still allow Benjamin to dismiss the unexhausted claims and proceed only with the exhausted claims if he files an amended Petition no later than January 9, 2014. Failure to do so by that deadline or failure to file objections in accordance with the Court's instructions may result in the Court's adoption of these recommendations and dismissal of the Petition without prejudice.

33.  The Court recognizes that Benjamin's Motion to Dismiss [Doc. 10] asks the Court to hold the Petition in abeyance while he returns to state court to exhaust his remedies. However, the United States Supreme Court found that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). For example, a stay and abeyance approach is appropriate only if: (1) Benjamin presented good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) Benjamin did not engage in abusive litigation tactics or intentional delay. *See id.* at 277-78.

34.  The Court concludes that this case does not present the limited circumstances where a stay and abeyance is appropriate. Nothing in the Petition or filings show good cause to excuse Benjamin's failure to exhaust all of his claims before filing the federal Petition. The Court is unable to determine at this point if the unexhausted claims are meritorious. Furthermore, according to

Respondents' calculations, this is not a case where Benjamin is likely to face a limitations issue if the Court dismisses the Petition without prejudice.

35.     Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, § 2254 petitions generally must be filed within one year from "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2241 petitions are governed by the same one-year statute of limitations as § 2254 petitions. *See, e.g.*, Dulworth v. Evans, 442 F.3d 1265, 1267-68 (10th Cir. 2006). Respondents commented that in giving Benjamin the benefit of the doubt, they calculate that the April 6, 2012 order revoking probation became final on July 16, 2013, after the New Mexico Court of Appeals issued its Memorandum Opinion. [Doc. 8 at 15 n.6.] Moreover, it is not clear if the subsequent probation violations and re-sentencing by the state court impact the AEDPA limitations period.

36.     The Court cautions Benjamin, however, that he risks facing AEDPA's one-year time bar by electing to dismiss this Petition and return to state court to exhaust his claims, rather than proceed with the unexhausted claims in this Petition. Benjamin is further advised that while a properly filed application for state post-conviction or other collateral review tolls the one-year limitations period, such "statutory tolling" is not available during the time period when a *federal* habeas proceeding is pending. York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003) (citation omitted). *See* Duncan v. Walker, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition"). In other words, depending on how diligently Benjamin acts, he still could face a statute of limitations bar if this Petition is dismissed without prejudice with the result that he returns to state court and later files another habeas petition in federal court.

37. The Court also acknowledges Respondents' position that Benjamin's Petition may improperly combine 42 U.S.C. § 1983 civil rights claims with requests for habeas relief. [Doc. 8 at 1, 11-12.] Challenges to the conditions of confinement are cognizable only in a civil rights action. *See* McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement ... fall outside of [the 'core' of habeas corpus]"). Respondents cited Tenth Circuit authority, Boyce v. Ashcroft, 251 F.3d 911, 916, 917-18 (10th Cir.), *judgment vacated by*, Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001), for the proposition that to the extent Benjamin challenges a decision to place him in a particular facility, he must bring a civil rights action rather than a habeas proceeding. [Doc. 8 at 11-12.] However, Respondents also refer to Tenth Circuit authority commenting that "it is an open question in this circuit whether a challenge to parole conditions is more like a challenge to the fact or duration of one's confinement (and so cognizable in habeas) or more like a challenge to one's conditions of confinement (and so cognizable only in a [civil rights] action"). [Doc. 8 at 12.]

38. Because the Court is recommending dismissal of this mixed petition, without prejudice, the undersigned Magistrate Judge does not address the question of whether the proper vehicle for some of Benjamin's claims is a civil rights action rather than a § 2254/2241 habeas proceeding. Benjamin is advised, however, that there is authority for the proposition that a § 2254 petition for habeas corpus and a § 1983 complaint "are mutually exclusive." In other words, if a claim is properly brought in a civil rights action, it cannot also be asserted in a habeas proceeding.

## Recommended Disposition

The Court recommends that Benjamin's Motion to Dismiss [Doc. 10] be GRANTED with the result his federal habeas petition [Doc. 1] be dismissed without prejudice. The Court

recommends denying Benjamin's request that this proceeding be stayed and held in abeyance while he returns to state court to attempt to exhaust all of his claims. Should Benjamin elect to proceed solely with exhausted claims, the Court recommends that he be allowed to file an amended Petition, consistent with these findings, no later than January 9, 2014. Should Benjamin fail to file an amended Petition and objections, the undersigned Magistrate Judge recommends that the Court adopt these findings and recommendations and dismiss the Petition [Doc. 1] without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge